**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JAMES C. WINDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-04011 (UNA) |
| | ) | |
| DEBRA M. BROWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, a Mississippi state prisoner proceeding *pro se*, has filed a Complaint, ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, Plaintiff's IFP Application is granted, and for the reasons explained below, this matter is dismissed without prejudice.

Plaintiff sues a combination of eight district and magistrate judges of the U.S. District Court for the Northern and Southern Districts of Mississippi, a judge of the U.S. Court of Appeals for the Fifth Circuit, the U.S. Department of Justice, the ACLU, the Commissioner of the Mississippi Department of Corrections, and the Attorney General and Assistant Attorney General of Mississippi. *See* Compl. at 1–2, 4–10. Defendants' specific alleged wrongdoing is not entirely clear, except for Plaintiff's belief that Defendants have engaged in a long-term conspiracy to keep him in custody and in refusing to void his indictment. *See id.* at 1, 5, 10–12. He quite broadly contends that, as a result, his constitutional rights have been violated under 42 U.S.C. § 1983 and that he has suffered a "miscarriage of justice." *See id.* at 1–3, 5, 10, 12. He demands that this Court declare his incarceration unlawful due to this alleged void indictment and release him from custody. *See id.* at 12.

First, *pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, Plaintiff's ambiguous allegations fail to provide Defendants or this Court with notice of a cognizable claim.

Second, as best understood, this matter presents as a thinly veiled attempt to contest Plaintiff's state conviction and sentence, which is an improper collateral attack. A lawsuit is considered a collateral attack "if, in some fashion, it would overrule a previous judgment[,]" *Stone v. HUD*, 859 F. Supp. 2d 59, 64 (D.D.C. 2012) (quoting *37 Associates, Tr. for the 37 Forrester St., SW Trust v. REO Const. Consultants, Inc.*, 409 F. Supp. 2d 10, 14 (D.D.C. 2006)), and "questions the validity of a judgment or order in a separate proceeding that is not intended to obtain relief from the judgment[,]" *37 Associates v. REO Constr. Consults., Inc.*, 409 F. Supp. 2d 10, 14 (D.D.C. 2006) (quoting *In re Am. Basketball League, Inc.*, 317 B.R. 121, 128 (2004)). Indeed, Plaintiff attempts now to circumvent the rulings of the Northern and Southern Districts of Mississippi by seeking another bite at the apple in this District, but this Court is without jurisdiction to review or otherwise interfere with the existing decisions another federal court. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011);

*Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

And, insofar as Plaintiff contends that he "in custody in violation of the Constitution or laws or treaties of the United States," his avenue for relief is 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3). A writ of habeas corpus specifically acts upon the individual physically holding the prisoner in custody, rather than upon the prisoner himself, *see Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004), and to that end, a petitioner's "immediate custodian" is the only proper respondent in a Section 2241 habeas corpus action, *see Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004) (finding that a § 2241 habeas petitioner seeking to challenge his present physical custody within the United States "should name his warden as respondent and file the petition in the district of confinement"); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)). Section 2241 allows a court to grant writs of habeas corpus for prisoners "in custody" only "within their respective jurisdictions." *See* 28 U.S.C. §§ 2241(a), (c). To that same end, "a district court may not [even] entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes*, 374 F.3d at 1239; *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). Accordingly, Plaintiff must file for such relief, not in this District, but in the U.S. District Court for the Southern District of Mississippi, where he is currently incarcerated.

Insofar as Plaintiff challenges his state conviction and sentence, he has also filed in the wrong District. Federal review of state convictions is available under 28 U.S.C. § 2254, and only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Plaintiff was convicted and sentenced by the Circuit Court of Adams County, Mississippi, *see Winding v. State*, 908 So.2d 163, 164 (Miss. Ct. App. 2005); therefore, assuming Plaintiff has exhausted his state remedies, the only court available to hear such a claim is, again, the U.S. District Court for the Southern District of Mississippi.

For these reasons, this matter is dismissed without prejudice. Plaintiff's other pending Motions, ECF Nos. 3, 4, 5, are denied as moot. An Order consistent with this Memorandum Opinion is issued separately.

Date:   March 6, 2026

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge